FILED

DEC 16 2020

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY ________ DEPUTY CLERK

Jose Alvarado Melendez
Name
#71079.067
Prison Number
USP Atwater
P.O. Box 019001
Atwater, CA 95301
Address or Place of Confinement

Note: If represented by an attorney, write attorney's name, address & telephone number

# United States District Court

## EASTERN DISTRICT OF CALIFORNIA

Jose A. Melendez
Full Name (First, Middle, Last)

Petitioner,

vs.

William Barr, A.G.
Name of Warden
(or other authorized person having custody of petitioner)

Respondent.

CASE NO. 1:20-cv-1773-SKO(HC)
(to be supplied by the Clerk of the United States District Court)

**PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 BY A PERSON IN FEDERAL CUSTODY**

PLEASE COMPLETE THE FOLLOWING (check the appropriate number):

This petition concerns:

1. ________ a conviction
2. ________ a sentence
3. ________ jail or prison conditions
4. ________ prison discipline
5. ________ a parole problem
6. ✓ other

**CAUTION:** If you are attacking a federal conviction, sentence or judgment, you must first file a direct appeal or motion under 28 U.S.C. § 2255 in the federal court which entered judgment.

RECEIVED

DEC 16 2020

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY ________ DEPUTY CLERK

**PETITION**

(1) Place of detention: USP Atwater, P.O. Box 019001, Atwater, CA

(2) Name and location of court which imposed sentence: U.S. Dist. Court For The Middle Dist. of Pennsylvania, Scranton Division

(3) Offense(s) and indictment number(s) (if known) for the sentence imposed: 21 U.S.C. 841 (a)(1) Poss. w/I to distribute heroin

(4) The date the sentence was imposed and the terms of the sentence: August 18, 2015 to 151 months term of imprisonment.

(5) What was your plea (check one): Not guilty ( ) Guilty (✓) Nolo contendere ( )

(6) Kind of trial (check one): Jury ( ) N/A Judge only ( )

(7) Did you appeal from the judgment of conviction or the imposition of sentence: Yes ( ) No (✓)

(8) If you did appeal, answer the following for *each* appeal: N/A

FIRST APPEAL:
Name of court:
Grounds raised (list each):
1) N/A
2)

Result/Date of result:

SECOND APPEAL:
Name of court:
Grounds raised (list each):
1) N/A
2)

Result/Date of result:

## GROUNDS FOR THIS 28 U.S.C. § 2241 PETITION

(9) State *CONCISELY* every ground on which you claim that your sentence is being executed in an illegal manner. Summarize *briefly* the *facts* supporting each ground

**CAUTION:** If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE AG William Barr failure to award 859

days prior custody jail credit to term of imprisonment.

Supporting *FACTS* for *GROUND ONE* (tell your story *BRIEFLY* without citing cases or law).

**CAUTION:** You must state *facts, not conclusions,* in support of your grounds. A rule of thumb to follow is -- who did exactly what to violate your rights at what time or place.

See Statement of Facts, attached

**GROUND TWO**

N/A

Supporting *FACTS* for *GROUND TWO* (tell your story *BRIEFLY* without citing cases or law).

N/A

## ADMINISTRATIVE APPEALS

(10) Have you presented the claims raised in Question #9 of this petition to prison officials in a prison administrations appeal?

Yes (✓) No ( ) If your answer is no, explain why not: N/A

If your answer is yes, answer the following for ***each*** administrative appeal:

FIRST ADMINISTRATIVE APPEAL Level of appeal: Email ISM/BP-8

Grounds raised (list each):

1) Failure to award prior custody jail credit

2)

Result/Date of result: Denied 12.7.2020

SECOND ADMINISTRATIVE APPEAL Level of appeal:

Grounds raised (list each):

1)

2) N/A

Result/Date of result

THIRD ADMINISTRATIVE APPEAL Level of appeal:

Grounds raised (list each): N/A

    1) ______
2) ______
Result/Date of result: N/A

FOURTH ADMINISTRATIVE APPEAL Level of appeal: ______
Grounds raised (list each):
1) ______
2) ______
Result/Date of result: N/A

(11) Is the grievance process completed? Yes ( ) No ( )

## PREVIOUS PETITIONS

(12) Have you filed previous petitions for habeas corpus under 28 U.S.C. § 2241 or 28 U.S.C. § 2255, or any other applications, petitions or motions with respect to the claims raised in Question #9 of this petition?

Yes ( ) No (✓)

(13) If your answer to Question #12 was yes, give the following information for *each* previous petition:

FIRST PREVIOUS PETITION
Name of court: ______
Nature of proceeding: ______
Grounds raised (list each):
1) N/A
2) ______
Result/Date of result: ______

SECOND PREVIOUS PETITION
Name of court: ______
Nature of proceeding: ______
Grounds raised (list each):
1) N/A
2) ______
Result/Date of result: ______

(14) If the claims raised in Question #9 of this petition concern your conviction or sentence, explain why you are filing your petition pursuant to § 2241 instead of § 2255.

N/A

(15) Are you presently represented by counsel?

Yes ( ) No ( )

If so, provide your attorney's name, address, and telephone number:

N/A

(16) If you are seeking leave to proceed *in forma pauperis*, have you completed the application setting forth the required information?

Yes (✓) No ( )

Note: If your answer is no, you must send a $5.00 filing fee to the court with your petition.

---

WHEREFORE, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding. Award 895 days prior custody jail credit and order his immediate discharge and release as the interest of justice would best be served.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

12.8.2020
(Date)

[signature]
(Signature of Petitioner)

Pro Se litigant
(Signature of Attorney, if any)

To: ISM Mr. Fischer

Statement of Facts

"DSCC failure to award prior custody jail credit."

In response to DSCC 12.7.2020 continued miscalculation of my prior custody jail credit 859 days (2 yrs. 2 mon. 10 days). not awarded to my term of imprisonment in BOP custody.

Prior Jail credit from 4.11.2013 to 8.17.2015 is 859 days or 2 years 2 months 10 days.

Alvarado-Melendez was sentenced on 8.18.2015 to 151 months imprisonment. A 12½ year sentence.

DSCC owes Alvarado-Melendez 2 yrs. 2 months and 10 days or 859 days jail credit toward his 151 month term of imprisonment. If you subtract 2 yrs. 2 months and 10 days from 12½ years of imprisonment, you get 10 yrs 4 months and 10 days. The Expiration Full Term Date of 11.9.2025 at 12½ yrs. would be back dated to 10.10.2023 EFTD. This then back dates Statutory Release Date Projected at 3.21.2024 to 7.21.2022 SRDP. This back dates his Home Eligibility Date to 1.20.2022, which is the 6 month half-way house.

The 151 months becoming 124 months and 10 days computated by the BOP. So from 10.10.2023 EFTD, the 324 Total GCT Earned is subtracted. That's 10 months and 24 days. Subtract that from 124 months and 10 days, that's 9

[illegible] · Award me my 037 days prior cust-ody jail credit towards term of imprisonment. Jordan v. Rivera, 2015 U.S. Dist. LEXIS 54781 (April 27, 2015). And immediately discharge and release me from BOP custody. U.S. v. Wilson, 112 S.Ct. 1351, 117 L.Ed. 2d 593, 503 U.S 329 (1992); In re United States Bureau of Prisons, 918 F. 3d 431 (5th Cir. 2019).

Jose Alvarado-Melendez
#71079.067

Alvarado-Melendez 71079-067 4A-228 12-7-2020

This is your response from DSCC:

Good afternoon,
To help explain Alvardo- Melendez's computation there are three attached PSIN the first his sentence w the FSA GCT applied.
Second PSIN add the Jail credit
Third PSIN shows the current computation with 81 days of dis-allowance taken from the computation.
The current PRD is Correct as it is in sentry

This is from Records:
Your comp is correct. You Judgment in a criminal case (J&C) was on 8/18/2015. Date computation began You were given jail credit from 4-11-2013 to 8-17-2015 = 859 total prior credit time Ignoring this
So really, your computation started 4-12-2013. Your J&C said you were given one hundred fifty –one (151) months.

Your comp started on 4-12-2013 add 12 months 4-11-2014 you get 54 days credit
4-12-2014 24 months 4-11-2015 you get another 54
4-12-2015 36 months 4-11-2016 you get another 54

Look at your Sentence Monitoring Good time data sheet. I broke it down for you. 4-12-2013 plus 151 months put your out date at 11-09-2015 take away 598 days good time equals release day 3-21-2024. 859 days JC

Again your comp started with jail credit on 4-12-2013 + 151 months judgment = 11-9-2025 out date – 598 days = 3-21-2024. Your release date is correct.

```
DSCC4              *         SENTENCE MONITORING              *    12-07-2020
PAGE 001 OF 001  * NEW INDEPENDENT SENTENCE COMPUTATION - FSA *    12:09:38


SENTENCE PROCEDURE: 4080 3559 PLRA SENTENCE
TERM IN EFFECT....: Y:       M: 151 D:                    DCB.....: 08-18-2015
TIE CONVERTED.....: Y: 12   M: 7   D:                     DOB.....:
                                   D: 4596
PROJ GCT TO AWARD.: 648    ANNUAL AND 31 PRORATED = 679    TOTAL
DISALLOW / FORFEIT:        ANNUAL AND    PRORATED
FINAL GCT AWARDED.: 648    ANNUAL AND 31 PRORATED = 679    TOTAL
PRORATE GCT FROM..: 04-12-2025 THRU: 11-09-2025
                                    ← J+C start date
JAIL CREDIT FROM..: 04-11-2013 THRU: 08-17-2015
            FROM..:            THRU:
            FROM..:            THRU:                      JC DAYS : 859
INOP TIME   FROM..:            THRU:                      INOP DAYS:

GED  UNSAT  FROM..:            THRU:
            FROM..:            THRU:
6 MONTH/ 10% DATE.:   /                                   PROJ SRD.: 12-31-2023
TWO THIRDS DATE...: 08-31-2021                            EFT......: 11-09-2025
DAYS OVERSERVED...:                                       HARDCOPY.: N
S5803      CHECK INMATE'S EDI RECORD FOR GED UNSAT - WILL AFFECT SRD FOR PLRA
G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

```
  ATWIQ  540*23 *              SENTENCE MONITORING          *        12-07-2020
PAGE 002        *                COMPUTATION DATA           *        11:43:38
                                 AS OF 12-07-2020

REGNO..: 71079-067 NAME: ALVARADO-MELENDEZ, JOSE

-------------------------CURRENT COMPUTATION NO: 010 --------------------------

COMPUTATION 010 WAS LAST UPDATED ON 05-19-2020 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 10-20-2015 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 08-18-2015
TOTAL TERM IN EFFECT............:   151 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    12 YEARS      7 MONTHS
EARLIEST DATE OF OFFENSE........: 12-18-2012

JAIL CREDIT.....................:   FROM DATE     THRU DATE
                                    04-11-2013    08-17-2015

TOTAL PRIOR CREDIT TIME.........: 859
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 598
TOTAL GCT EARNED................: 324
STATUTORY RELEASE DATE PROJECTED: 03-21-2024
ELDERLY OFFENDER TWO THIRDS DATE: 08-31-2021
EXPIRATION FULL TERM DATE.......: 11-09-2025
TIME SERVED.....................:     7 YEARS      7 MONTHS     27 DAYS
PERCENTAGE OF FULL TERM SERVED..:  60.8
PERCENT OF STATUTORY TERM SERVED:  69.9

PROJECTED SATISFACTION DATE.....: 03-21-2024
PROJECTED SATISFACTION METHOD...: GCT REL

REMARKS.......: 02-03-17 DIS GCT E/RPL, 03-12-19 DIS/GCT E/CCA
                3/28/2020 RPC'D FSA E/JKR.5-19-2020 UPDTD GCT.E/KAN
```

the date the judge order your sentence

The date your comp began

4-12-13 date comp began
+ 151 month sentence
11-9-2025 release date
- 598 days of good time
new release date → ~~3-21-2024~~

```
G0002        MORE PAGES TO FOLLOW . . .
```

```
   DSCC4              *         SENTENCE MONITORING              *      12-07-2020
   PAGE 001 OF 001  *  NEW INDEPENDENT SENTENCE COMPUTATION - FSA  *    12:09:58


   SENTENCE PROCEDURE: 4080 3559 PLRA SENTENCE
   TERM IN EFFECT....: Y:        M: 151  D:                DCB......: 08-18-2015
   TIE CONVERTED.....: Y: 12     M: 7    D:                DOB......:
                                         D: 4596
   PROJ GCT TO AWARD.: 648    ANNUAL AND 31 PRORATED = 679    TOTAL
   DISALLOW / FORFEIT: 81     ANNUAL AND 0  PRORATED = 81     TOTAL
   FINAL GCT AWARDED.: 567    ANNUAL AND 31 PRORATED = 598    TOTAL
   PRORATE GCT FROM..: 04-12-2025 THRU: 11-09-2025


   JAIL CREDIT FROM..: 04-11-2013 THRU: 08-17-2015
               FROM..:            THRU:
               FROM..:            THRU:                  JC DAYS..: 859
   INOP TIME   FROM..:            THRU:                  INOP DAYS:


   GED   UNSAT FROM..:            THRU:
               FROM..:            THRU:
   6 MONTH/ 10% DATE.: /                                 PROJ SRD.: 03-21-2024
   TWO THIRDS DATE...: 08-31-2021                        EFT......: 11-09-2025
   DAYS OVERSERVED...:                                   HARDCOPY.: N
   S5803       CHECK INMATE'S EDI RECORD FOR GED UNSAT - WILL AFFECT SRD FOR PLRA
   G0005       TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

```
DSCC4              *           SENTENCE MONITORING              *      12-07-2020
PAGE 001 OF 001 * NEW INDEPENDENT SENTENCE COMPUTATION - FSA *      12:08:29

SENTENCE PROCEDURE: 4080 3559 PLRA SENTENCE
TERM IN EFFECT....: Y:     M: 151 D:                DCB......: 08-18-2015
TIE CONVERTED.....: Y: 12  M: 7   D:                DOB......:
                                  D: 4596
PROJ GCT TO AWARD.: 648   ANNUAL AND 31 PRORATED = 679   TOTAL
DISALLOW / FORFEIT:       ANNUAL AND    PRORATED
FINAL GCT AWARDED.: 648   ANNUAL AND 31 PRORATED = 679   TOTAL
PRORATE GCT FROM..: 08-18-2027 THRU: 03-17-2028

JAIL CREDIT FROM..:            THRU:
            FROM..:            THRU:
            FROM..:            THRU:                JC DAYS..:
INOP TIME   FROM..:            THRU:                INOP DAYS:

GED  UNSAT  FROM..:            THRU:
            FROM..:            THRU:
6 MONTH/ 10% DATE.: /                               PROJ-SRD..: 05-08-2026
TWO THIRDS DATE...: 01-07-2024                      EFT.......: 03-17-2028
DAYS OVERSERVED...:                                 HARDCOPY.: N
S5803      CHECK INMATE'S EDI RECORD FOR GED UNSAT - WILL AFFECT SRD FOR PLRA
G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

679
- 81
598 good time

```
ATWIQ  542*22 *            SENTENCE MONITORING            *      12-07-2020
PAGE 001 OF 001 *            GOOD TIME DATA               *      11:44:49
                            AS OF  12-07-2020

REGNO...: 71079-067    NAME: ALVARADO-MELENDEZ, JOSE
ARS 1...: ATW A-DES                                             PLRA
COMPUTATION NUMBER..: 010                                  PRT    ACT DT:
LAST UPDATED:  DATE.: 05-19-2020              FACL..: DSC      CALC: AUTOMATIC
UNIT................: 4A                      QUARTERS............: D44-228U
DATE COMP BEGINS....: 08-18-2015              COMP STATUS.........: COMPLETE
TOTAL JAIL CREDIT...: 859                     TOTAL INOP TIME.....: 0
CURRENT REL DT......: 12-20-2024 FRI          EXPIRES FULL TERM DT: 11-09-2025
PROJ SATISFACT DT...: 03-21-2024 THU          PROJ SATISF METHOD..: GCT REL
ACTUAL SATISFACT DT.:                         ACTUAL SATISF METHOD:
DAYS REMAINING......:                         FINAL PUBLC LAW DAYS:
GED PART STATUS.....:                         DEPORT ORDER DATED..:
```

--------------------------GOOD CONDUCT TIME AMOUNTS--------------------------

| | START DATE | STOP DATE | | MAX POSSIBLE TO DIS | FFT | ACTUAL TOTALS DIS | FFT | VESTED AMOUNT | VESTED DATE |
|---|---|---|---|---|---|---|---|---|---|
| months 12 | 04-12-2013 | 04-11-2014 | 12 | 54 | 54 | | | | |
| 24 | 04-12-2014 | 04-11-2015 | 24 | 54 | 108 | | | | |
| 36 | 04-12-2015 | 04-11-2016 | 36 | 54 | 162 | | | | |
| 48 | 04-12-2016 | 04-11-2017 | 48 | 54 | 189 | -27 | | | |
| 60 | 04-12-2017 | 04-11-2018 | 60 | 54 | 243 | | | | |
| 72 | 04-12-2018 | 04-11-2019 | 72 | 54 | 270 | -27 | | | |
| 84 | 04-12-2019 | 04-11-2020 | 84 | 54 | 324 | | | | |
| 96 | 04-12-2020 | 04-11-2021 | 96 | 54 | | -27 | | | |
| 108 | 04-12-2021 | 04-11-2022 | 108 | 54 | | -81 | | | |
| 120 | 04-12-2022 | 04-11-2023 | 120 | 54 | 679 | | | | |
| 132 | 04-12-2023 | 04-11-2024 | 132 | 54 | -81 | | | | |
| 144 | 04-12-2024 | 04-11-2025 | 144 | 54 | | | | | |
| 151 | 04-12-2025 | 11-09-2025 | 151 | 31 | 598 | | | | |
| | | | | 679 | | | | | |

(handwritten annotations: "completed stated", "month")

TOTAL EARNED AMOUNT.......................................: 324
TOTAL EARNED AND PROJECTED AMOUNT.........................: 598

release date after 151 months added

151 month sentence = 12 years and 7 months before your good time.

G0005        TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED

disapproval, the key passage of one of the earlier decisions. In addition, *Jones*, which limited *Bradley* to its facts, made clear that both *Lange* and *Bradley* continue**{1996 U.S. App. LEXIS 15}** to support the proposition that where the legislature has prescribed "truly" alternative punishments for a single criminal act, satisfaction of one type of punishment precludes imposition of the other. *Jones*, 491 U.S. at 382-84.

Apparently accepting the continued force of *Lange* and *Bradley*, the Government nevertheless attempts to distinguish them on the ground that since Versaglio was under no duty to pay the **fine** until after the Government released his assets, his early **payment** did not operate to fulfill his sentence. We reject this argument. If a defendant surrendered himself to the custody of the prison authorities before the day he was required to do so, no court would seriously entertain the notion that the defendant should not receive credit for time served. Likewise, since the defendant paid the **fine** in full, and received a satisfaction of **fine** judgment signed by the United States Attorney's Office, he has "suffered one of the alternative punishments to which alone the law subjected him." *Lange*, 85 U.S. at 176. Moreover, the dissenters in *Lange* argued that the defendant in that case should not have been able to preclude imposition of imprisonment because**{1996 U.S. App. LEXIS 16}** "much reason exists to suppose" that he had induced the court clerk to deposit the **fine** in the Treasury "early" just to be able to avoid the alternative of imprisonment. *Lange*, 85 U.S. at 200 (Clifford, J., with whom Strong, J., joins, dissenting). The *Lange* majority evidently thought this circumstance was of no consequence.

Thus, even if it were possible for the Government now to return the **fine** to Versaglio, the rule of *Lange* and *Bradley* would preclude imposition of the alternative punishment of imprisonment.

III. Revision of the Amount of the FineEven though **payment** of the **fine** precludes imposition of imprisonment, a further question arises as to whether the *amount* of the **fine** may now be revised in light of the invalidity of the imprisonment. At first glance, the language of *Lange* would seem to preclude such a revision, since the Court said that upon **payment** of the **fine**, the power of the sentencing court was "gone." *Lange*, 85 U.S. at 176. However, *Jones* explicitly rejected a literal reading of that statement, characterizing it as dicta. *See Jones*, 491 U.S. at 382-83. *Jones* and *DiFrancesco* have limited *Lange* and *Bradley***{1996 U.S. App. LEXIS 17}** to their context, in which a sentencing court attempted to impose imprisonment upon a defendant who had satisfied the alternative punishment of a **fine**. No issue was raised in either *Lange* or *Bradley* as to a sentencing court's power to revise the *amount* of a **fine** in light of the unavailability of imprisonment. Indeed, such a revision could not even have been considered in *Lange* because the **fine** imposed was the statutory maximum of $ 200. *See Lange*, 85 U.S. at 164.

In some circumstances, we have upheld the authority of a sentencing court to revise upward **{85 F.3d 949}** one component of a sentence after another component was held to have been invalidly imposed. *See United States v. Medina*, 74 F.3d 413, 417-18 (2d Cir. 1996) (permitting increased sentence on related count after invalidation of sentence on count charging violation of 18 U.S.C. § 924(c)); *United States v. Diaz*, 834 F.2d 287, 290 (2d Cir. 1987) (same), *cert. denied*, 488 U.S. 818, 102 L. Ed. 2d 35, 109 S. Ct. 57 (1988); *see also United States v. Bohn*, 959 F.2d 389, 394-95 (2d Cir. 1992) (permitting consideration of imprisonment after reduction of **fine**); *United States v. Young*, 932 F.2d 1035, 1037-38 (2d Cir. 1991) (permitting consideration**{1996 U.S. App. LEXIS 18}** of **fine** after invalidation of restitution). We have done so only where the revised sentence would be imposed on a count that was the same as, or related to, the count on which a component of the sentence was invalidated and only where the aggregate sentence was not "so severe as to create an undue risk of deterring others from subsequent challenges to sentence components that might be unlawful." *Bohn*, 959 F.2d at 395. In permitting such revisions after successful challenges to a

© 2020 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.