UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE A. MELENDEZ,<br><br>              Petitioner,<br><br>     v.<br><br>WILLIAM BARR,<br><br>              Respondent. | No. 1:20-cv-01773-SKO (HC)<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE**<br><br>**FINDINGS AND RECOMMENDATION TO SUMMARILY DISMISS PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[21-DAY OBJECTION DEADLINE]** |

Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On December 16, 2020, Petitioner filed the instant petition. He is in the custody of the Bureau of Prisons ("BOP") at the United States Penitentiary located in Atwater, California. He challenges the computation of his federal sentence by the BOP. He claims the BOP failed to properly credit his federal sentence for time spent in custody prior to sentencing. Because it is clear from the petition that Petitioner is not entitled to relief, the Court will RECOMMEND that the petition be SUMMARILY DISMISSED with prejudice.

**DISCUSSION**

**I.     Background**

On August 18, 2015, Petitioner was convicted in the United States District Court for the

1   Middle District of Pennsylvania for possession with intent to distribute heroin.  (Doc. 1 at 2.[1])  He

2   was sentenced to serve a total federal prison term of 151 months.  (Doc. 1 at 2, 12.)

3          The BOP determined that Petitioner's sentence commenced on August 18, 2015—the date

4   he was sentenced in federal court. (Doc. 1 at 10.)  He was awarded 859 days credit for time spent

5   in jail prior to sentencing.  (Doc. 1 at 10.)  The BOP further determined that Petitioner would be

6   entitled to 598 days of good conduct time.  (Doc. 1 at 10.)  The BOP computed that Petitioner's

7   sentence would be satisfied on March 21, 2024.  (Doc. 1 at 10.)

8          Petitioner submitted an inmate request with prison authorities for recalculation of his

9   sentence based on the 859-day period of time he spent in custody prior to sentencing.  On

10  December 7, 2020, prison authorities responded to his request and determined that his sentence

11  had been properly computed.  (Doc. 1 at 8.)

12  **II.      Jurisdiction**

13         Writ of habeas corpus relief extends to a person in custody under the authority of the

14  United States.  See 28 U.S.C. § 2241.  While a federal prisoner who wishes to challenge the

15  validity or constitutionality of his conviction must bring a petition for writ of habeas corpus

16  pursuant to 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that

17  sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  See,

18  e.g., Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990); Capaldi v. Pontesso, 135 F.3d

19  1122, 1123 (6th Cir. 1998); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991);

20  United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991).  To receive relief under 28 U.S.C. §

21  2241, a petitioner in federal custody must show that his sentence is being executed in an illegal,

22  but not necessarily unconstitutional, manner. See, e.g., Clark v. Floyd, 80 F.3d 371, 372, 374 (9th

23  Cir. 1995) (contending time spent in state custody should be credited toward federal custody);

24  Jalili, 925 F.2d at 893-94 (asserting petitioner should be housed at a community treatment center);

25  Barden, 921 F.2d at 479 (arguing Bureau of Prisons erred in determining whether petitioner could

26  receive credit for time spent in state custody); Brown, 610 F.2d at 677 (challenging content of

27

28  [1] Page citations are to ECF pagination.

1  inaccurate pre-sentence report used to deny parole).

2  In this case, Petitioner alleges that he is being unlawfully denied credit against his federal
3  sentence.  Thus, Petitioner is challenging the execution of his sentence rather than its imposition;
4  therefore, the claim is proper under 28 U.S.C. § 2241.

5  A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file
6  the petition in the judicial district of the petitioner's custodian.  Brown, 610 F.2d at 677.
7  Petitioner is incarcerated at the United States Penitentiary located in Atwater, California, which is
8  located within the jurisdiction of this Court. 28 U.S.C. §§ 2254(a); 2241(d).

9  **III.     Exhaustion**

10  Before filing a petition for writ of habeas corpus, a federal prisoner challenging any
11  circumstance of imprisonment must first exhaust all administrative remedies.  Martinez v.
12  Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308,
13  1313 (9th Cir. 1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983).  The requirement that
14  federal prisoners exhaust administrative remedies before filing a habeas corpus petition was
15  judicially created; it is not a statutory requirement.  Brown v. Rison, 895 F.2d 533, 535 (9th Cir.
16  1990).  Thus, "because exhaustion is not required by statute, it is not jurisdictional." Id.  If
17  Petitioner has not properly exhausted his claims, the district court, in its discretion, may either
18  "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his
19  administrative remedies before proceeding in court."

20  The first step in seeking administrative remedies is a request for informal resolution. 28
21  C.F.R. § 542.13.  When informal resolution procedures fail to achieve sufficient results, the BOP
22  makes available to inmates a formal three-level administrative remedy process: (1) a Request for
23  Administrative Remedy ("BP-9") filed at the institution where the inmate is incarcerated; (2) a
24  Regional Administrative Remedy Appeal ("BP-10") filed at the Regional Office for the
25  geographic region in which the inmate's institution is located; and (3) a Central Office
26  Administrative Remedy Appeal ("BP-11") filed with the Office of General Counsel.  28 C.F.R. §
27  542.10 et seq.

28  According to the exhibits attached by Petitioner, he submitted an informal BP-8 request

1  with prison authorities, and received a response on December 7, 2020.  (Doc. 1 at 8.)  He has not

2  submitted a BP-9 "Request for Administrative Remedy," a BP-10 "Regional Administrative

3  Remedy Appeal," or a BP-11 "Central Office Administrative Remedy Appeal."  Therefore, the

4  claim has not been administratively exhausted, and the petition should be dismissed for lack of

5  exhaustion.  In addition, as discussed below, the claim is without merit.

## IV.     Commencement of Federal Sentence

The authority to compute a federal prisoner's sentence is delegated to the Attorney General, who exercises it through the Bureau of Prisons. United States v. Wilson, 503 U.S. 329, 334-35 (1992); Allen v. Crabtree, 153 F.3d 1030, 1033 (9th Cir. 1998), *cert denied*, 525 U.S. 1091 (1999).  "Computing a federal sentence requires two separate determinations: first, when the sentence commences; and, second, to what extent the defendant in question may receive credit for any time already spent in custody." United States v. Smith, 812 F.Supp 368, 370 (E.D.N.Y. 1993); Jimenez v. Warden, FDIC, Fort Devens, Mass., 147 F.Supp.2d 24, 27 (D.Mass.2001); Chambers v. Holland, 920 F.Supp. 618, 621 (M.D.Pa. 1996), *affirmed by*, 100 F.3d 946 (3rd Cir. 1996).  A federal sentence commences "on the date the defendant is received in custody. . . to commence service of sentence at the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a); Thomas v. Brewer, 923 F.2d 1361, 1369 (9th Cir. 1991).

Petitioner contends his sentence should be credited for the 859-day period of time between April 11, 2013, to August 17, 2015, that he spent in custody prior to sentencing.  Upon review of the exhibits submitted by Petitioner, it is clear that prison authorities did in fact credit his sentence for this 859-day period.  Petitioner was sentenced to a term of 151 months on August 18, 2015.  Thus, without any credits awarded against his sentence, the sentence would conclude on March 17, 2028 (August 18, 2015 + 151 months = March 17, 2028).  (Doc. 1 at 12.)  However, the BOP adjusted Petitioner's sentence start date from August 18, 2015, to April 11, 2013, to account for the 859 days of jail custody (August 18, 2015 – 859 days = April 11, 2013).  (Doc. 1 at 10.)  Utilizing the new start date of April 11, 2013, the BOP determined that Petitioner's sentence would conclude on November 9, 2025 (April 11, 2013 + 151 months = November 9, 2025).  (Doc. 1 at 10.)  Then, accounting for good conduct time earned and projected, the BOP calculated

4

the statutory release date to be March 21, 2024 (November 9, 2025 – 598 days = March 21, 2024.)

Petitioner asserts that the BOP failed to credit his sentence for the 859-day period that he spent in jail custody. As set forth above, this period of time was duly credited toward Petitioner's sentence and this claim is without merit.

## ORDER

The Clerk of Court is DIRECTED to assign a District Judge to this case.

## RECOMMENDATION

For the foregoing reasons, the Court RECOMMENDS that the petition for writ of habeas corpus be SUMMARILY DISMISSED with prejudice.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 4, 2021**                              /s/ *Sheila K. Oberto*
                                                          UNITED STATES MAGISTRATE JUDGE